IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTURO TINOCO, | § | |
|     Petitioner, | § | |
| | § | No. 3:09-CV-1290-M (BF) |
| v. | § | (3:07-CR-266-M) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**ORDER OVERRULING OBJECTIONS, ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. Petitioner filed objections. This Court has reviewed the objections and made a *de novo* review of those portions of the proposed Findings and Recommendation to which objection was made.

The Court notes that Petitioner challenges as constitutionally ineffective assistance his attorney's failure to object to two traffic stops by Dallas Police Officers. He claims that without a legal justification for the traffic stops, the subsequent arrests and searches were unconstitutional. He claims that under these circumstances, counsel provided ineffective assistance by advising him to waive his Fourth Amendment rights and plead guilty to the charge of distribution of methamphetamine.

The first traffic stop was on July 20, 2006, when Dallas police officers observed Petitioner blocking traffic in an intersection. Petitioner left the driver's side door of his car open and went over to talk to someone in another vehicle who was also blocking traffic. Petitioner got back into his car, and when he pulled away, the officers followed him and stopped him for the traffic violation of

blocking traffic. They also discovered he was driving without a valid driver license and had numerous warrants out for his arrest from the Garland and Farmers Branch police departments. The officers took Petitioner into custody, impounded his car, and conducted an inventory search of his vehicle. The inventory search revealed a substance which turned out to be methamphetamine, a large amount of currency, and a police scanner.

Dallas police officers conducted another traffic stop of Petitioner on February 15, 2007. The officers observed Petitioner driving at night with an inoperable left headlight. When they stopped Petitioner and asked to see his driver license, he told them he did not have it with him. A subsequent check revealed he was driving with a suspended driver license. Petitioner was handcuffed, arrested, and placed in the back seat of the police car. The officers searched Petitioner's vehicle and found methamphetamine, drug paraphernalia and other property. Meanwhile, Petitioner removed his boots, opened the police car door, and escaped from custody, still handcuffed. Police searched the area but were unable to locate Petitioner. Dallas police issued an "at large citation," #C15-957547, to apprehend and arrest Petitioner for the defective left headlight, for failure to drive in a single lane, for escape from custody after a felony arrest, and based upon a number of outstanding hold warrants from the Garland and Farmers Branch police departments.

On March 17, 2007, Dallas police officers located Petitioner at the Club Purgatory and arrested him on the citation to apprehend and arrest, and also based upon the outstanding warrants from the Garland and Farmers Branch police departments.

The Court finds that the traffic stops on July 20, 2006 and February 15, 2007 were legal traffic stops, and thus, counsel did not provide ineffective assistance by failing to challenge them. Petitioner's objections are overruled, and, with the Court's clarification regarding the traffic stops,

2

ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge. Accordingly, Petitioner failed to prove ineffective assistance of counsel for failure to challenge the arrests.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case, as well as the Court's clarification, in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

In the event, the petitioner will file a notice of appeal, the court notes that

( )  the petitioner will proceed *in forma pauperis* on appeal.

( x )  the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

SO ORDERED this 19th day of May, 2011.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS